IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00344-STV

DARNELL WASHINGTON

Plaintiff,

v.

OFFICER ANDREW NICCUM,
OFFICER CHRISTOPHER COCHRAN,
OFFICER JACOB VAPORIS,
DETECTIVE FRANK CAPOLUNGO,
CITY AND COUNTY OF DENVER,

        Defendants.

---

## DENVER DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Andrew Niccum, Jacob Vaporis, Frank Capolungo and City and County of Denver ("Denver") (collectively, "Denver Defendants"), through their counsel, move for a stay of discovery pending resolution of their Motion to Dismiss. Doc. # 30.

**AS GROUNDS**, Denver Defendants state:

### CERTIFICATION UNDER D.C. COLO LCivR 7.1(A)

Undersigned counsel conferred with Plaintiff's counsel concerning the relief requested herein. Counsel for Plaintiff opposes the motion. Counsel for Co-Defendant Christopher Cochran consents to the request.

## INTRODUCTION

The Denver Defendants request this Court stay all further proceedings in this action, including related discovery deadlines, pending the determination of the entitlement to qualified immunity of defendants Andrew Niccum, Jacob Vaporis, Frank Capolungo (collectively the "Individual Denver Defendants"). Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 against the Individual Denver Defendants, each of whom is an employee of the Denver Police Department, alleging that they violated his rights under the Fourth Amendment. Plaintiff also asserts claims against the City and County of Denver ("Denver") based on these purported violations. Further Plaintiff alleges a pendent state law claim against the individual defendants pursuant to the Enhance Law Enforcement Integrity Act. See, C.R.S. § 13-21-131.

The Individual Denver Defendants asserted the defenses of qualified immunity from Plaintiff's claims against them in their individual capacities. (*See* Denver Defendants' Motion to Dismiss, Doc. # 30). Because these immunities are immunities from suit, not just from trial, all proceedings in this case should be stayed. Both applicable law and the practical realities of this case demonstrate the need for a stay of all discovery until this Court rules on the Individual Denver Defendants' entitlement to qualified immunity.

## ARGUMENT

The Court should stay all proceedings in this matter because the Individual Denver Defendants have asserted the defense of qualified immunity. Qualified immunity is meant to "protect the official both from liability as well as from ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) *cert. denied*, 514 U.S. 1015 (1995).

As the Supreme Court has noted, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). Therefore, public officials who assert qualified immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). This is especially true where a determination of the official's immunity "is dispositive" of the plaintiff's claims. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Based on these precedents, discovery should be stayed until the Individual Denver Defendants' immunity defenses raised in their Motion to Dismiss are resolved.

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery, but the Court has the inherent power to control its docket with economy of time and effort for itself, counsel and litigants. *See Rivers v. Hartman*, No. 11-cv-02171-CMA-KMT, 2011 WL 5374968, at *2 (D. Colo. Nov. 8, 2011); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). As a result, a stay of discovery is within the Court's discretion. *Rivers*, 2011 WL 5374968, at *2.

> When considering a stay of discovery, this court has considered: 1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest.

*Id.* (citing *String Cheese Incident*, 2006 WL 894955 at *2).

In this action, these factors weigh in favor of a stay of discovery. The burden and prejudice to the Individual Denver Defendants from continued discovery outweighs any prejudice that a stay would impose on Plaintiff. The Individual Denver Defendants assert that they have immunity from Plaintiff's claims, and immunity entitles them to avoid the "concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (*quoting Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). In addition, although Denver cannot and did not assert the defense of qualified immunity in the Motion to Dismiss, discovery of the claims against Denver would necessarily involve the Individual Denver Defendants because the claims against both turn on the same set of facts. Whether Plaintiff can establish a claim against Denver turns, in part, on whether a Denver employee – i.e., the Individual Denver Defendants – violated Plaintiff's constitutional rights. *See Dodds v. Richardson,* 614 F.3d 1185, 1198 (10th Cir. 2010) (stating that a municipality cannot be liable absent an underlying constitutional violation by one of its employees). Consequently, allowing discovery of Plaintiff's claims against Denver would necessarily delve into the constitutionality of the Individual Denver Defendants' actions and thus would require their participation in discovery and would undermine the very purpose of the qualified immunity defense. *See id.* (noting that allowing discovery to proceed against one defendant would likely involve the other defendants in discovery "to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position"); *see also Eggert v. Chaffee County*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010) ("Because qualified immunity is intended to protect the official from 'the burdens of litigation,' the benefit of the defense is lost if discovery is allowed to proceed. A partial stay only as to those

defendants asserting immunity defenses, would not relieve the defendants of this burden." (internal citation omitted)).

In contrast to the harm to the Individual Denver Defendants from allowing discovery to proceed, Plaintiff cannot identify any specific prejudice that he will suffer if discovery is stayed. Although they may contend that a delay in discovery risks the fading of witnesses' memories, the facts of this case are simple and, typically, documented and recorded, making it unlikely that "key witnesses will forget important details relevant to the case." *Viviano v. Schneider*, No. 17-cv-00235-CMA-STV, 2017 WL 2571606, at *2 (D. Colo. June 14, 2017). As a result, Plaintiff's interest in proceeding expeditiously does not overcome other factors weighing in favor of a stay.

Additionally, the convenience of the Court would be served by a stay of discovery. Although this District generally disfavors complete stays of discovery, the potential of disposing of almost an entire case on a motion prevents the Court from devoting its resources to a matter where the majority of claims will ultimately be dismissed. *See id.* at *3.

Finally, the public interest is served by a stay of discovery in this action. Discovery would embroil the Individual Denver Defendants and other public officials in distracting depositions and written discovery. The public interest is served by preventing these public officials from diverting valuable time, public funds, and other resources that might otherwise be directed toward their public duties. *See Harlow*, 457 U.S. at 817; *Osei v. Brooks*, No. 11-cv-01135-WDM-KMT, 2011 WL 3036744, at *3 (D. Colo. July 25) (finding that a stay of discovery serves the public interest where qualified immunity is asserted because "the purpose of qualified immunity is to shield public officials from distracting discovery that disrupts effective government and negatively impacts their job performance"). As noted by the Supreme Court, the intangible costs of forcing

public entities or officials to defend lawsuits include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 816. As such, a stay of discovery is appropriate.

WHEREFORE, the Denver Defendants respectfully request that the Court enter an Order staying all discovery in this action, including vacating the upcoming scheduling conference and related deadlines, as well as for such other relief as the Court finds just and appropriate.

Dated this 8th day of May 2024.

Respectfully submitted,

*s/ Kevin McCaffrey*
Kevin McCaffrey, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone:     (720) 913-3100
Facsimile:     (720) 913-3155
Email: kevin.mccaffrey@denvergov.org
*Attorney for Defendants Andrew Niccum, Jacob Vaporis, Frank Capolungo and City and County of Denver*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2024, the foregoing **DENVER DEFENDANTS' MOTION TO STAY DISCOVERY** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Trine Law Firm LLC
155 E. Boardwalk Drive #400
Fort Collins, CO 80525
Phone: 970-391-9442
Fax: 970-458-1800
ctrine@trinelaw.net

Chad A. Atkins, #24459
Atkins Law
9249 South Broadway #200-138
Highlands Ranch, CO 80129
Phone: 303-667-0528
Seeatkins@comcast.net

Mark H. Andrews, #39709
Andrews Law Firm
600 17th Street, Suite 2800 South
Denver, CO 80202
Phone: 303-861-1500
mark@andrewslawfirm.org
*Attorneys for Plaintiff*

Andrew D. Ringel
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Tel: 303-628-3453
ringela@hallevans.com
*Attorney for Christopher Cochran*

*s/ Nicole Petosa*
Denver City Attorney's Office